UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEBORAH J. TUBBS,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 05-CV-43-FHM |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
| DEFENDANT. | ) |

## ORDER

Plaintiff, Deborah J. Tubbs, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's June 4, 2003 (protectively filed April 28, 2003) applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held September 1, 2004. By decision dated September 24, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on December 15, 2004. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born July 29, 1950, and was 54 years old at the time of the hearing. [R. 23].  She claims to have been unable to work since November 20, 2002, due to depression and back and leg pain associated with spinal stenosis and bulging disc. [R. 29, 100].  The ALJ determined that Plaintiff has severe impairments consisting of degenerative disk disease and depression. [R. 14].  He found that, despite these impairments, Plaintiff retains the residual functional capacity (RFC) to perform light level work activity, limited to occasional stooping. [R. 17].  He determined that Plaintiff could not return to her past relevant work (PRW) as a babysitter, bakery and deli worker or drill press operator because of those restrictions but found, based upon the testimony of a vocational expert (VE), that there are other jobs in the economy in significant numbers that Plaintiff could perform with that RFC. [R. 18-19]. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 19].  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ erred: 1) in finding Plaintiff retained the RFC to perform a significant range of light work; and 2) by failing to include all her limitations as supported by the evidentiary record in his hypothetical to the VE.  For the reasons discussed below, the Court affirms the decision of the Commissioner.

## RFC Assessment

Plaintiff contends the medical evidence, specifically the examination report by Jerry D. Patton, D.O., contradicts the ALJ's conclusion that Plaintiff retains the RFC to perform a significant range of light work.  She argues Dr. Patton's report supports her testimony regarding her limitation of motion and the severity of pain associated with the motion required to engage in such work activities.

The record reveals Dr. Patton examined Plaintiff on September 19, 2003. [R. 148-153].  His impression was that Plaintiff "does have chronic lumbar unstable back versus spinal stenosis of the lumbar spine." [R. 149].  Range of motion charts filled out by Dr. Patton show reduced flexion, extension and bending, unstable heel and toe walking but otherwise negative results. [R. 150-153].  Plaintiff characterizes this report as overwhelming evidence that contradicts the ALJ's RFC findings and supports the Plaintiff's testimony.  The Court disagrees.

The determination of RFC is an administrative assessment, based upon all of the evidence of how the claimant's impairments and related symptoms affect her ability to perform work related activities. See Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2, *5; 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946 (The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made

3

based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ.).

The ALJ discussed Dr. Patton's report and noted the presence of limitation of motion in the lumbar spine. [R. 15]. He reviewed all of Plaintiff's medical treatment history and compared that documentation with Plaintiff's subjective complaints. Based upon his analysis of the evidence, the ALJ concluded Plaintiff's RFC was impacted by the limitation of motion in the lumbar spine and restricted her work activities to those requiring only occasional stooping. [R. 17]. Contrary to Plaintiff's argument, this finding is not overwhelmed by Dr. Patton's range of motion findings. Dr. Patton did not express an opinion that Plaintiff could not bend at all, but rather that her ability to do so was limited. The ALJ's RFC accommodated this limitation.

The ALJ also considered all the other medical evidence in the record, including the October 29, 1998 CT which showed a mild degree of spinal stenosis at L4-L5, disc bulging at L3-L4 and extreme lateral disc herniation present at L5-SI, represented by clinical information as an asymptomatic disc herniation. [R. 15, 139]. He noted that, although Plaintiff has back and leg pain, both her treating physician and the consultative examiner found no neurological findings associated with disk herniation. [R. 16].

Nothing in this evidence overwhelms the ALJ's RFC finding. Furthermore, no physicians imposed restrictions of activities, such as laying down up to two hours daily, as described by Plaintiff in her testimony. The Court finds the ALJ properly considered the medical evidence and other evidence in determining Plaintiff's RFC and that substantial evidence in the record supports the ALJ's RFC determination.

**Hypothetical**

Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). Plaintiff alleges the ALJ failed to include in his hypothetical to the vocational expert (VE), all of Plaintiff's limitations.  The basis for this assertion is the VE's testimony that all jobs in the occupational base would be eliminated in response to the second hypothetical, which assumed all the testimony given by the Plaintiff to be true.  When asked about the particulars of Plaintiff's testimony that would lead to this conclusion the VE said:

> Well, one of the things is we deal with the pain and the laying down.  But then there's also the inability to deal with normal job stressors and that's be around people, be out of the home.  She just can't do that, and the inability to bend over and those are the key issues.

[R. 61]. Plaintiff contends the evidentiary record supports her testimony that she suffers from constant lower back pain "and also supports her need to lay down and her inability to bend." [Plaintiff's brief, p. 6].  As previously discussed, however, the only evidence in the record that Plaintiff's back pain is so severe that she needs to lay down during the day is Plaintiff's testimony, which the ALJ found to be not fully credible [R. 16] and which is an insufficient basis for a finding of disability. See *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir.1993) (citing *Gatson v. Bowen*, 838 F.2d 442, 447 (10th Cir.1988) (subjective complaints of pain, standing alone, are insufficient to meet burden of proof).   It is difficult for a claimant "to establish disabling pain without the explicit confirmation of treating physicians." *Kepler v. Chater,* 68 F.3d 387, 390 (10th Cir.1995) (quoting *Huston v. Bowen,* 838 F.2d 1125, 1131 (10th Cir.1988)).

Plaintiff also contends that the ALJ's first hypothetical did not include an accurate limitation with regard to Plaintiff's ability to bend. Plaintiff appears to base this argument upon a distinction between the word "stoop" which was a limitation included by the ALJ in his RFC and in his first hypothetical to the VE, and the word "bend" which Plaintiff claims an "inability" to do. Noting first that Dr. Patton's objective findings did not show Plaintiff completely unable to bend, but rather that her bending range of motion tests indicated some limitation, the Court finds no cause for reversal based upon such a distinction. The terms are practically synonymous for purposes of describing work activities under the Social Security Act. See Social Security Ruling 83-10, 1983 WL 31251 (S.S.A.), at *5 ("Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist").

The ALJ was not required to accept the vocational expert's response to a hypothetical which included unsupported limitations. *See Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (the ALJ is not bound by the vocational expert's opinion in response to a hypothetical question which includes impairments that are not accepted as true by the ALJ); *see also Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir.1993) (hypothetical does not need to include impairments which are unestablished and conclusive). Because there is no evidentiary support in the record for Plaintiff's contention that she is unable to bend, the ALJ was not bound by the VE's response to the second hypothetical question which incorporated this restriction. See *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir.1995) (noting "the established rule that such inquiries must include all (and only) those impairments borne out by the evidentiary record"). The Court finds the ALJ's hypothetical questions to the vocational expert and

6

his reliance upon the vocational expert's testimony in response to his first hypothetical in his decision were proper and in accordance with established legal standards.

## Conclusion

The ALJ's decision demonstrates that he properly considered all of the medical reports and other evidence in the record in his determination that Plaintiff retained the capacity to perform a restricted range of light work. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 15th day of March, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE